1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

DAVID PALAMARYUK,

Case No. C17-441-JLR-JPD

10

                                    Plaintiff,

    v.

AMENDED ORDER GRANTING
MOTION FOR TEMPORARY
RESTRAINING ORDER

11

JOHN KELLY, et al.,

12

                                    Defendants.

13

14

## I.    INTRODUCTION

15

After court hours on March 20, 2017, Plaintiff David Palamaryuk, a lawful permanent

16

resident who is detained at the Northwest Detention Center, filed a complaint for declaratory and

17

injunctive relief (Dkt. # 1), and an ex parte motion for a temporary restraining order ("TRO")

18

enjoining Defendants from transferring him outside of this judicial district (Dkt. # 2).  At

19

approximately 7:30 p.m., on March 20, 2017, the court granted Mr. Palamaryuk's motion for a

20

TRO.  (Dkt. # 6.)  The court now issues the following amended order granting Mr. Palamaryuk's

21

motion for a TRO, which supersedes the order issued last night.

22

23

ORDER - 1

## II.    BACKGROUND

Mr. Palamaryuk submitted a declaration attesting that he was the victim of two serious assaults, one in 2009 and a second in 2013, which resulted in head injuries.  (Dkt. # 3 at 1.) After the second assault, Mr. Palamaryuk began having intermittent memory problems, difficulty understanding oral and written communication, and trouble writing down his thoughts.  (*Id.* at 1, 4-5.)

In March 2016, the government initiated removal proceedings against Mr. Palamaryuk and detained him at the Northwest Detention Center.  (*Id.* at 6-7.)  Proceeded *pro se*, he applied for asylum.  (*Id.* at 7.)  At the merits hearing before the Tacoma Immigration Court, he had difficulty explaining himself and understanding what the government attorney and the judge were saying.  (*Id.*)  The immigration judge denied his claim for asylum and ordered him removed to Ukraine.  (*Id.*)

In October 2016, Mr. Palamaryuk's family hired an attorney, Minda Thorward, to represent him in an appeal to the Board of Immigration Appeals ("BIA") and help him apply for a U visa.  (*Id.*; Dkt. # 4 at 1.)  Mr. Palamaryuk's family paid Ms. Thorward a flat fee.  (Dkt. # 3 at 8.)  Mr. Palamaryuk and Ms. Thorward are currently working on preparing a U visa petition, and Ms. Thorward will represent Mr. Palamaryuk at a bond hearing in a few weeks.  (*Id.* at 7.)  If Mr. Palamaryuk does not prevail on his appeal to the BIA, Ms. Thorward may file a motion to reopen the immigration proceedings on Mr. Palamaryuk's behalf.  (*Id.*)

On March 13, 2017, Defendants issued a "Detainee Transfer Notification" indicating that Mr. Palamaryuk was being transferred to a detention center in Alabama.  (*Id.*; Dkt. # 4-7.)  Mr. Palamaryuk and Ms. Thorward repeatedly asked Defendants to permit Mr. Palamaryuk to remain

1  at the Northwest Detention Center, but Defendants only agreed to delay Mr. Palamaryuk's

2  transfer for one week.  (Dkt. # 4-6.)

3        On March 20, 2017, the day Mr. Palamaryuk was scheduled to be transferred to Alabama,

4  Mr. Palamaryuk filed the instant action, alleging violations of the Administrative Procedure Act

5  ("APA"), the Rehabilitation Act ("RA"), and Due Process.  (Dkt. # 1.)  He also filed an ex parte

6  motion for a TRO enjoining Defendants from removing him from this judicial district.  (Dkt. 2.)

7  Both Mr. Palamaryuk and Ms. Thorward have submitted declarations attesting that, because of

8  Mr. Palamaryuk's cognitive difficulties, in-person communication is essential for Ms. Thorward

9  to represent him.  (Dkt. # 3 at 8-9; Dkt. # 4 at 2.)

10  ### III.    DISCUSSION

11        The standard for issuing a TRO is the same as the standard for issuing a preliminary

12  injunction.  *See New Motor Vehicle Bd. of Cal v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2

13  (1977).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that

14  the plaintiff is entitled to such relief."  *Winter v. Nat, Res. Def. Council, Inc.*, 555 U.S. 7, 24

15  (2008).  "The proper legal standard for preliminary injunctive relief requires a party to

16  demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer

17  irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his

18  favor, and (4) that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d

19  1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

20        As an alternative to this test, a preliminary injunction is appropriate if "serious questions

21  going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's

22  favor," thereby allowing preservation of the status quo when complex legal questions require

23  further inspection or deliberation.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35

ORDER - 3

(9th Cir. 2011).  However, the "serious questions" approach supports the court's entry of a TRO only so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.  *Id.* at 1135.  The moving party bears the burden of persuasion and must make a clear showing that it is entitled to such relief.  *Winter*, 555 U.S. at 22.

The court finds that Mr. Palamaryuk has satisfied the *Cottrell* test.  Mr. Palamaryuk has established at least serious questions going to the merits of his claims under the APA, the RA, and the Due Process Clause that his transfer would interfere with his established attorney-client relationship with Ms. Thorward.  In addition, there is a likelihood of irreparable injury absent a TRO because Mr. Palamaryuk requires face-to-face contact with Ms. Thorward in order for her to represent him in his ongoing immigration proceedings.  Finally, the balance of equities tips sharply in Mr. Palamaryuk's favor and the TRO is in the public interest.  The *status quo* should be maintained pending resolution of a fully briefed motion for preliminary injunction.

## IV.    TEMPORARY RESTRAINING ORDER

It is hereby ORDERD:

(1)    Mr. Palamaryuk's ex parte emergency motion for a TRO (Dkt. # 2) is GRANTED.

(2)    Defendants are ENJOINED and RESTRAINED from transferring Mr. Palamaryuk outside of this judicial district.

(3)    This order shall be considered issued at 7:30 p.m. on March 20, 2017.  It shall expire 14 days from issuance unless, before that time, Mr. Palamaryuk shows good cause for a 14-day extension or Defendants consent to a longer extension.  *See* Fed. R. Civ. P. 65(b)(2).

(4)    No security bond is required under Federal Rule of Civil Procedure 65(c).

ORDER - 4

(5)    The Clerk shall direct copies of this order to the parties and to the Honorable

James P. Donohue.

Dated this 21st day of March, 2017.


JAMES L. ROBART
United States District Judge

ORDER - 5