1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

District Judge Marsha J. Pechman
Chief Magistrate Judge James P. Donohue

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID PALAMARYUK,<br><br>                     Plaintiff,<br><br>           v.<br><br>ELAINE DUKE, Acting Secretary of the United States Department of Homeland Security; THOMAS D. HOMAN, Acting Director, Immigration and Customs Enforcement and BRYAN WILCOX, Acting Field Office Director, Immigration and Customs Enforcement, Seattle Field Office,<br><br>                     Defendants. | CASE NO.  C17-441-MJP-JPD<br><br>DEFENDANTS' MOTION TO DISMISS<br><br>Note on Motion Calendar:<br><br>December 1, 2017 |

## I.    INTRODUCTION

Defendants Elaine Duke, Thomas D. Homan, and Bryan Wilcox (collectively,

"defendants"), by and through their attorneys, Annette L. Hayes, United States Attorney for the

Western District of Washington, Sarah K. Morehead, Assistant United States Attorney for the

District, and Gladys M. Steffens Guzmán, Attorney, Department of Justice, Office of

Immigration Litigation, move the Court for an order dismissing plaintiff's lawsuit pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiff seeks an order from the Court prohibiting

Motion to Dismiss
C17-441-MJP-JPD - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendants from transferring him to another detention facility outside this judicial district so that plaintiff can continue to meet in person with his current counsel.  Plaintiff brings claims under the Administrative Procedures Act ("APA"), the due process clause of the United States Constitution, and the Rehabilitation Act.

The Court lacks subject matter jurisdiction over plaintiff's APA and due process claims. In addition, plaintiff has failed to state a claim against all defendants.  Therefore, defendants request that the Court dismiss all claims.

## II.    RELEVANT FACTS

Solely for purposes of this motion, defendants have assumed plaintiff's version of facts to be true.  Plaintiff is detained at the Northwest Detention Center in Tacoma, Washington. Amended Complaint (Dkt. #14) at ¶ 2.  He is in removal proceedings.  *Id.* at ¶ 8.  Plaintiff claims that as a result of physical altercations in 2009 and 2013, he experiences headaches, short-term memory loss, and cognitive impairments.  *Id.*

Plaintiff claims that on March 13, 2017, plaintiff's counsel received a Notice of Transfer indicating that plaintiff would be transferred to another detention facility.  Thorward Decl. at ¶ 15, Ex. G.[1]  Thereafter, plaintiff's counsel sent an e-mail to Officer Jack Lippard with Immigration and Customs Enforcement ("ICE") attaching medical records for plaintiff's mother and stating that plaintiff "wanted me to ask for a one week delay in his transfer so she can come to NWDC and visit him before he's moved."  *Id.* at Ex. G, p. 1.  Less than two hours later, plaintiff's counsel sent a second e-mail to Officer Lippard inquiring about the request for a one-week delay and explaining that plaintiff's counsel could only represent plaintiff "if he's in-state

---

[1] *See, e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (explaining that in ruling on a 12(b)(6) motion, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

as I'm a solo practitioner." *Id.* Neither of these e-mails requested an accommodation or stated that plaintiff had any limitation. In response, the government notified plaintiff's counsel that it would delay plaintiff's transfer for one week as requested. *Id.*

Only six days later, on Sunday, March 19, 2017, at 10:49 p.m., plaintiff's counsel sent an e-mail, with an attached letter, to Officer Lippard requesting that "ICE permit Mr. Palamaryuk to remain at NWDC." Thorward Decl. at ¶ 15, Ex. G at p. 4. For the first time, plaintiff's counsel alleged in the attached letter that in-person visits with her client were essential because of plaintiff's condition. *Id.* at p. 6. The next day, and without giving defendants time to consider or respond to the new request sent on the weekend and well beyond business hours, plaintiff filed a motion for a temporary restraining order to preclude the government from transferring plaintiff. Dkt. # 2. The Court granted the motion for a TRO the same day and before defendants were served with the TRO request or Complaint. Dkt. #6, 7. Thereafter, plaintiff served defendants with the summons and complaint. Dkt. #9. The order granting the TRO expired fourteen days after it was issued, on April 3, 2017, and plaintiff has not filed a motion for a preliminary injunction. Dkt. #7 at p. 4.

Plaintiff has explained that he has not filed a motion for a preliminary injunction in part because "Defendant also notified Plaintiff's counsel Minda Thorward by telephone that they are no longer seeking to relocate him outside this district at the present time." Dkt. #8 at p. 2. Nevertheless, plaintiff seeks a writ "prohibiting the Defendant from moving the Plaintiff to another location outside this judicial district." Amended Complaint at p. 10. Plaintiff claims that because of his cognitive impairments, he requires in-person meetings with his current attorney. *Id.* at ¶ 20.

Motion to Dismiss
C17-441-MJP-JPD - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plaintiff's family recently sought guardianship over both the "Person and Estate" of plaintiff in Pierce County Superior Court.  Morehead Decl., Ex. A.[2]  Plaintiff's father was appointed as the guardian on October 25, 2017.  Morehead Decl., Ex. B.  The guardian is also pursuing this action as plaintiff's "parent and next friend."  Amended Complaint at ¶ 1.  Plaintiff has been represented by his current counsel since October 2016.  Thorward Decl. (Dkt. #4) at ¶3.

### III.    ANALYSIS

#### A.  Motion to Dismiss Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if plaintiff fails to present a cognizable legal theory or sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party.  *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Generally, the court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) asserts a lack of subject-matter jurisdiction over the dispute, and may be either a facial attack on the sufficiency of the pleadings or a factual attack on the basis for a court's jurisdiction.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In determining the presence or absence of federal jurisdiction, the court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

---

[2] The Court can take judicial notice of state court filings.  *See, e.g., Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and filings).

1   when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

2   *Cal. ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004) (quoting *Caterpillar Inc.*

3   *v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). When assessing

4   subject-matter jurisdiction, the court assumes the truth of all allegations in the complaint. *See*

5   *Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008).

6

7   **B. Plaintiff's APA Claim Fails for Lack of Jurisdiction and Fails to State a Claim**

8       Plaintiff claims that defendants have violated the APA by notifying him he would be

9   moved to another facility, even though he was not ultimately moved.  Plaintiff claims, "Moving

10  Plaintiff away from his counsel of record while his removal proceedings are pending violates

11  Plaintiff's right to access his chosen counsel under the Immigration and Nationality Act, 8

12  U.S.C. § 1229(b)(4)(A), 1362."  Amended Complaint at ¶ 34.  Plaintiff's citations are correct on

13  one point: it is the INA, not the APA, which governs his claim about the propriety of his removal

14  proceedings.  As the Supreme Court has explained, immigration proceedings are "not subject to

15  the APA." *Ardestani v. INS*, 502 U.S. 129, 133-134 116 L. Ed. 2d 496, 112 S. Ct. 515, 518

16  (1991) (explaining that Congress intended the INA "to supplant the APA in immigration

17  proceedings").  Because the "APA does not apply to immigration proceedings," the Court lacks

18  subject matter jurisdiction over plaintiff's APA claim. *Tesfay v. Holder*, 942 F. Supp. 2d 1063,

19  1067 (D. Nev. 2013).

20      Even if the Court were to find that it had jurisdiction over plaintiff's APA claim, plaintiff

21  has not stated a claim under the APA.  Section 704 of the APA only permits judicial review of

22  "final agency action." 5 U.S.C. § 704 ("Agency action made reviewable by statute and final

23  agency action for which there is no other adequate remedy in a court are subject to judicial

24  review."); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("When . . . review is

Motion to Dismiss
C17-441-MJP-JPD - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'") (citing 5 U.S.C. § 704).  In this case, plaintiff does not challenge any final agency action. Furthermore, plaintiff has an adequate remedy at law: he can challenge the government's actions under the Rehabilitation Act, and he has done so.  Therefore, plaintiff has failed to state a claim under the APA.

**C.  The Court Lacks Jurisdiction Over the Decision to Move Plaintiff**

Although the INA permits a person in removal proceedings to obtain the counsel of their choosing, the INA, the APA, and the due process clause do not prohibit the government from transferring a detainee as plaintiff suggests.  To the contrary, the Court lacks jurisdiction to review the government's decision regarding where to house plaintiff.  The Court lacks subject matter jurisdiction to review the discretionary determination of ICE under 8 U.S.C. § 1231(g)(1) as to the "appropriate places of detention for aliens detained pending removal or a decision on removal."  See 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide.") (citing 8 U.S.C. § 1252(c)).  It is further provided at 8 U.S.C. § 1252(a)(2)(B)(ii) that "no court shall have jurisdiction to review. . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General. . . ."  *See, e.g., Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (explaining that judicial review of that decision "is expressly barred by §1252(a)(2)(B)(ii).").  Therefore, the Court lacks jurisdiction over the decision regarding where

to house plaintiff regardless of whether plaintiff styles his claim as one under the APA or due process clause.

### D. Plaintiff Has Failed to State a Due Process Claim

Even if the Court had jurisdiction over plaintiff's due process claim, plaintiff's allegation that a proposed transfer to another detention facility violated his due process rights fails to state a claim. A transfer from one detention facility to another does not constitute a deprivation of liberty protected by the Due Process Clause. *See, e.g., Marlon v. Dep't Homeland* Security, 2017 U.S. Dist. LEXIS 62643 at * 6 (D. Ariz. April 24, 2017) (citing *Meacham v. Fano*, 427 U.S. 215, 224-25, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976). As the court explained in *Marlon*, "authorities may change a detainee's 'place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another' without violating a detainee's due process rights." *Id.* (quoting *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985)).

In addition, plaintiff's due process claim is unripe. Plaintiff argues that moving him to detention facility outside the Seattle area "will effectively preclude Plaintiff from protecting his interests in his ongoing removal proceedings and therefore violates his rights under the Due Process Clause." Amended Complaint at ¶ 45. Plaintiff cites authority stating that he is entitled to a full and fair hearing. However, plaintiff's claim that if the government transfers him in the future, he may not get a fair hearing is speculative and unripe. Numerous circumstances could arise in the meantime that could alter plaintiff's needs at the hearing. For example, plaintiff might choose new counsel. His alleged medical condition could change. Federal courts cannot render advisory opinions, even if, as here, the request is couched as a request for a declaratory judgment. *See, e.g., United Public Workers of Am. v. Mitchell*, 330 U.S. 75, 89 (1947). Rather,

Motion to Dismiss
C17-441-MJP-JPD - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

federal courts can only consider ripe matters "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies and to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).  The broad and vague nature of plaintiffs' request for relief, precluding the government from transferring him at any time, for any reason, highlights that his due process claims is not ripe for judicial review.

Finally, the Court must avoid reaching constitutional questions in advance of the necessity of deciding them.  *See, e.g., Rosenberg v. Fleuti*, 374 U.S. 449, 451, 83 S. Ct. 1804, 10 L.Ed.2d 1000 (1963); *see also In re Joye*, 578 F.3d 1070, 1074 (9th Cir. 2009).  Here, there is no need to adjudicate the due process claim because if plaintiff has any right to remain at his current detention facility, such a right would arise only as an accommodation under the Rehabilitation Act.  The Court should adjudicate the claim under that statute and avoid unnecessarily deciding a Constitutional issue.  *See, e.g.*, *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1059 (C.D. Cal. 2010) (declining to rule on due process claim in light of ruling under the Rehabilitation Act).

### E.  Plaintiff Has Failed to State a Claim under the Rehabilitation Act

The Rehabilitation Act prohibits federal agencies from discriminating against people with disabilities.  29 U.S.C. § 794(b)(2)(B).  Section 504 of the Act provides that "no otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  The

Motion to Dismiss
C17-441-MJP-JPD - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

focus of this provision is whether the entity in question denied a disabled person "meaningful access" to its programs. *Alexander v. Choate*, 469 U.S. 287, 301 (1985).

To show that defendants violated Section 504 by failing to provide an accommodation, plaintiff must show that: (1) he needed the accommodation to enjoy meaningful access to benefits, (2) the government was on notice that he needed the accommodation but did not provide it, and (3) there was a specific reasonable accommodation available. *See, e.g.*, *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Plaintiff cannot establish any of those elements.

First, plaintiff cannot show that he would be denied meaningful access to ICE's programs if he were transferred. Plaintiff argues that he "requires the accommodation of placement in a facility in the Seattle area in order to enjoy meaningful access to the privilege of representation by his existing counsel in his ongoing removal proceedings." Amended Complaint at ¶ 38. Although plaintiff has a right to counsel in deportation hearings, he does not have a right to a *specific* attorney. 8 U.S.C. § 1362 (right to counsel in deportation proceedings). Furthermore, even if plaintiff were transferred, plaintiff's current counsel could continue to represent him, and could continue to meet with plaintiff in person if desired. Alternatively, plaintiff could obtain new counsel, and if he so chooses, meet in person with that counsel. In addition, now that a guardian has been appointed for plaintiff, the guardian could facilitate communications between plaintiff and his attorney, meet in person with plaintiff's counsel if desired, and even appear on behalf of plaintiff in removal proceedings thereby safeguarding plaintiff's interest in aiding in his defense. *See, e.g.*, 8 C.F.R. § 1240.4.

Second, plaintiff cannot establish that defendants were on notice that he required an accommodation but failed to provide it. To the contrary, as set forth above, after learning that

Motion to Dismiss
C17-441-MJP-JPD - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plaintiff would be transferred, plaintiff's counsel requested a one-week delay so that plaintiff's mother could visit him again.  It was only on the eve of the transfer, late on a Sunday night, that plaintiff's counsel requested an accommodation for the first time.  Plaintiff's counsel then filed a motion for a TRO mere hours after this belated "notice," tying defendants' hands and hindering any opportunity for defendants to consider and respond to the request.  As such, plaintiff did not provide reasonable notice of the need for an accommodation.

Third, plaintiff has not shown that defendants have denied him an accommodation.  To the contrary, he admits that defendants have told him that they have no plans to transfer him.  Finally, plaintiff cannot establish that it is reasonable to preclude the government from transferring plaintiff to another facility at any time for any reason, even if, for example, he chooses new counsel or his alleged health situation changes.  For all of those reasons, plaintiff's Rehabilitation Act claim is untenable.

**F.  The Court Should Deny Leave to Amend**

"In general, a court should liberally allow a party to amend its pleading."  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Dismissal without leave to amend is proper, however, if "the complaint could not be saved by any amendment."  *Id.*  In this case, no amendment could save plaintiff's APA and due process claims because the court lacks subject matter jurisdiction over them.  *See, e.g.*, *Atia v. United States*, 2015 U.S. Dist. LEXIS 32919, at *4 (W.D. Wash. 2015) (dismissing claims for lack of subject matter jurisdiction without leave to amend).  The Court should also deny leave to amend the Rehabilitation Act claims because it does not appear that plaintiff could allege facts that would cure the deficiencies set forth above.

**IV.   CONCLUSION**

1    For all of the foregoing reasons, defendants respectfully request that the Court dismiss

2    plaintiff's claims.

3        Dated this 7th day of November, 2017

4

5                                                            ANNETTE L. HAYES
6                                                            United States Attorney

7                                                            s/ Sarah K. Morehead
8                                                            SARAH K. MOREHEAD, WSBA No.
                                                             29680
9                                                            Assistant United States Attorney
                                                             United States Attorney's Office
10                                                           700 Stewart Street, Suite 5220
                                                             Seattle, Washington 98101-1271
11                                                           Phone: 206-553-7970
12                                                           Email: sarah.morehead@usdoj.gov

13                                                           s/ Gladys M. Steffens Guzmán
                                                             Gladys M. Steffens Guzmán, PR Bar No.
14                                                           14250
                                                             United States Department of Justice
15                                                           Civil Division, Office of Immigration
                                                             Litigation
16                                                           P.O. Box 868 Ben Franklin Station
17                                                           Washington, DC 20044
                                                             Email: gladys.steffens-guzman@usdoj.gov
18

19                                                           Attorneys for Defendants

20

21

22

23

24

25

26

27

28

Motion to Dismiss
C17-441-MJP-JPD - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on November 7, 2017, I electronically filed said pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

| | |
|---|---|
| Devin T. Theriot-Orr | devin@sunbird.law |
| Minda Thorward | minda@thorwardimmigrationlaw.com |
| Gladys M Steffens Guzman | Gladys.Steffens-Guzman@usdoj.gov |

I further certify that on November 7, 2017, I mailed by United States Postal Service said pleading to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

Dated this 7th day of November, 2017.

s/ Julene Delo
JULENE DELO, Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  julene.delo@usdoj.gov

Motion to Dismiss
C17-441-MJP-JPD - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970